OPINION
{¶ 1} Appellant Delta Plating, Inc. ("Delta") appeals the decision of the Stark County Court of Common Pleas that granted Appellee Theodore Kourouniotis' motion for summary judgment finding his workers' compensation claim was not barred by the applicable statute of limitations. The following facts give rise to this appeal.
 {¶ 2} On May 28, 1999, appellee terminated his employment with Delta due to an asthma condition. Appellee began working at Delta in 1987. Following the termination of his employment, on October 12, 1999, Dr. John Given, M.D. determined that appellee's workplace exposures caused a severe asthmatic condition which totally disabled him from continuing his employment at Delta.
 {¶ 3} On September 6, 2000, appellee made application, to the Industrial Commission, for benefits under the workers' compensation statutes alleging he contracted the occupational disease known as "occupational asthma" on or about October 12, 1999, while employed at Delta. Dr. Stephen Demeter, a physician for the Bureau of Workers' Compensation, performed an independent medical examination of appellee on September 29, 2000. Dr. Demeter determined that appellee's asthma is a direct and proximate result of his industrial exposures at Olymco.
 {¶ 4} The Bureau of Workers' Compensation issued an order on November 1, 2000, allowing the claim for "asthma w/o status asthmaticus." Delta appealed the order. At a hearing conducted on January 24, 2001, the District Hearing Officer denied appellee's application on the basis that it was not timely filed pursuant to R.C. 4123.85. This decision was subsequently affirmed in an appeal to the Staff Hearing Officer. Thereafter, appellee filed an appeal of the Industrial Commission's decision to the Stark County Court of Common Pleas. Appellee filed a motion for summary judgment on September 30, 2002. The trial court granted appellee's motion on November 19, 2002, concluding that appellee timely filed his application for benefits on September 6, 2000.
 {¶ 5} Delta timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 6} "I. The trial court erred in granting judgment and allowing the claim when the claimant filed a claim more than two years after he was disabled contrary to orc 4123.85.
 {¶ 7} "II. The trial court erred in not sending the cause back to the industrial commission of Ohio for trial on the evidence as to whether there was an occupational disease."
"Summary Judgment Standard"
 {¶ 8} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 9} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 10} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107. It is based upon this standard that we review Delta's assignments of error.
 I {¶ 11} Delta maintains, in its First Assignment of Error, the trial court erred when it granted appellee's motion for summary judgment because appellee filed his claim more than two years after he was disabled. We disagree.
 {¶ 12} Specifically, Delta argues the two-year statute of limitations contained in R.C. 4123.85 began to run in April 1993 when appellee first requested and collected disability benefits for his asthma condition. In response, appellee contends the statute of limitations did not begin to run until he terminated his employment with Delta on May 28, 1999.
 {¶ 13} R.C. 4123.85 governs the statute of limitations for workers' compensation claims arising from an occupational disease. This statute provides:
 {¶ 14} "In all cases of occupational disease, or death resulting from occupational disease, claims for compensation or benefits are forever barred unless, within two years after the disability due to the disease began, or within such longer period as does not exceed six months after diagnosis of the occupational disease by a licensed physician or within two years after death occurs, application is made to the industrial commission or the bureau of workers' compensation or to the employer if he is a self-insuring employer."
 {¶ 15} The Ohio Supreme Court interpreted this statute in Whitev. Mayfield (1988), 37 Ohio St.3d 11. In White, the plaintiff developed a hearing disability after working next to extremely loud machinery for over twenty-nine years. Id. at 11. Even though the plaintiff began wearing a hearing aid in 1973, and was diagnosed with hearing loss due to his employment in 1978, the plaintiff continued to working until the company went out of business in 1982. Id. The plaintiff filed his application for workers' compensation benefits in 1983. Id. The Supreme Court determined the disability due to the occupational disease began on the date claimant first quit work, in this case, the date the company went out of business. Id. at 14. In reaching this conclusion, the Court held that a disability due to an occupational disease begins on the latest of three dates: 1) when the claimant first became aware through medical diagnosis he or she was suffering from such disease; 2) when the claimant first received medical treatment for such condition; 3) the date claimant first quit work. Id. at paragraph one of the syllabus.
 {¶ 16} Pursuant to the Supreme Court's decision, in White, inBitticker v. Mayfield (June 23, 1988), Tuscarawas App. No. 88 AP-010004, this court determined a claimant's occupational disease began on the last date of his employment, notwithstanding the fact the disease interfered with his employment prior to that time. Id. at 2. Specifically, we stated, "one may suffer an occupational disease that gradually appears and worsens over time, but does not ripen into a compensable disability until sometime after the symptoms of the occupational disease are manifested." Id., quoting White at 13. We reasoned that a contrary holding would only serve to penalize the claimant for attempting to continue his employment in spite of his illness. Bitticker at 3.
 {¶ 17} We again addressed the statute of limitations issue inRoberts v. New Bakery of Ohio, Inc. (Nov. 24, 1999), Muskingum App. No. CT99-0009. In the Roberts case, the claimant contracted an allergic asthmatic bronchitis known as "baker's asthma." Id. at 1. The claimant first experienced symptoms of this condition in 1983 and sought medical treatment. Id. The claimant never received a formal diagnosis. Id. However, between 1983 and 1996, the claimant missed a number of days of work because of his recurring breathing problems. Id. In May 1996, appellee experienced a severe asthmatic attack which required hospitalization. Id. at 2. Following this incident, the claimant's doctor formally diagnosed him with an occupationally related asthmatic condition. Id.
 {¶ 18} Based upon this diagnosis, the claimant quit his job and filed an application for workers' compensation benefits. Id. The bureau denied the claimant's application on the basis that it was barred by the two-year statute of limitations. Id. The trial court reversed the decision of the Bureau. Id. On appeal to this court, we determined the statute of limitations began to run when the claimant terminated his employment relationship and therefore, his application was not barred by R.C. 4123.85. Id. at 4.
 {¶ 19} We conclude that based upon the Ohio Supreme Court's decision in White and our decisions in Bitticker and Roberts, the date appellee terminated his employment, at Delta, commenced the two-year time period for purposes of the statute of limitations. The record indicates appellee terminated his employment on May 28, 1999. Accordingly, appellee had until May 28, 2001, to file his application for benefits with the Bureau of Workers' Compensation. Appellee filed his application on September 6, 2000, well within the two-year statute of limitations.
 {¶ 20} Our conclusion is further supported by the State of Ohio Industrial Commission Policy Statements and Guidelines, Memo B3, which provides, in pertinent part:
 {¶ 21} "Claims are only untimely filed pursuant to White where they have been filed more than two years after diagnosis and first medical treatment and two years after the injured worker quit work on account of the disease. If an injured worker has not yet quit work on account of the disease, the two year period has not even begun to run.
 {¶ 22} "* * *
 {¶ 23} "The limitation period begins to run when the latest of the three elements in White occurs. If the last element has not yet occurred, 4123.85 has not begun to run. Therefore, the claim application is to be found timely filed."
 {¶ 24} Accordingly, we overrule Delta's First Assignment of Error.
 II {¶ 25} Delta contends, in its Second Assignment of Error, the trial court erred because it prevented the Industrial Commission of Ohio from addressing the merits of appellee's occupational disease claim. We disagree.
 {¶ 26} The trial court's judgment entry of November 19, 2002, does not address the merits of appellee's occupational disease claim nor does it prevent the Industrial Commission of Ohio from determining the merits of appellee's claim. Instead, the trial court's judgment entry is limited to the issue of the timeliness of appellee's application for benefits. Having determined appellee's application for benefits was timely filed, on remand, the Industrial Commission may now address the merits of appellee's claim.
 {¶ 27} Delta's Second Assignment of Error is overruled.
 {¶ 28} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J.; Gwin, P.J., and Boggins, J., concur.